JOSEPH H. LANSING, as Executor of AUGUSTUS J. HOWELL, Deceased, Respondent, v. AUGUSTUS A. HOWELL, Appellant.— Action to recover on a promissory note made on January 5, 1934, and bearing entries on the back of the note in the deceased payee's handwriting, typically as follows: "Received with interest up to Jan 1, 1938." The action was commenced on July 30, 1942. Judgment of the County Court of Dutchess County, entered on the verdict of a jury in favor of plaintiff reversed on the law and a new trial ordered, with costs to abide the event. A new trial would not be granted on any question of fact presented on this appeal. There was no evidence sufficient to carry the case to the jury on the question of whether or not a payment was made on a date that extended the period within which to commence suit. (*Mills* v. *Davis*, 113 N. Y. 243, 248.) Upon a new trial, which is granted in the interests of justice, additional evidence may be furnished which would make out a *prima facie* case. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

THOMAS B. PAPAS, Respondent, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant. (Action No. 2.) — Pursuant to stipulation of the parties, the order of the City Court of Yonkers granting plaintiff's motion for summary judgment, and the judgment entered thereon, are reversed on the law, the motion denied, and a trial of the issues ordered, with costs to abide the event. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

THOMAS B. PAPAS, Respondent, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant. (Action No. 3.) — Pursuant to stipulation of the parties, the order of the City Court of Yonkers granting plaintiff's motion for summary judgment, and the judgment entered thereon, are reversed on the law, the motion denied, and a trial of the issues ordered, with costs to abide the event. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT GARGANO, Appellant.— Defendant was convicted by a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Queens, of a violation of section 986 of the Penal Law (book-making). The information charges that he unlawfully engaged in book-making; that he received sums of money from divers persons as bets upon the results of horse races to be run, and recorded and registered bets upon the results of horse races to be run. Although defendant might have been found guilty of the crime of forwarding a wager (*People* v. *McGuire*, 275 N. Y. 521) there is no evidence to sustain the conviction of the crimes with which he was charged. (*People* v. *Lambrix*, 204 N. Y. 261; *People* v. *Richardson*, 287 N. Y. 563; *People* v. *Soshtain*, 288 N. Y. 658; *People* v. *Marra*, 289 N. Y. 703.) Judgment of conviction reversed on the law, the information dismissed, and the fine remitted. Close, P. J., Adel and Taylor, JJ., concur; Carswell and Lewis, JJ., dissent and vote to affirm.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HYMAN LIFSCHITZ, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting the defendant of violation of subdivision 1 of section 484 of the Penal Law, reversed on the law, the information dismissed, and the fine remitted. The facts are affirmed. The evidence fails to establish a violation of the statute beyond a reasonable doubt. There is no presumption that the child was unaccompanied by a duly authorized adult person. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.